IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF IOWA CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER SATHER,<br><br>  Plaintiff,<br><br>v.<br><br>DIAMOND JO WORTH, L.L.C.,<br><br>  Defendant. | Case No.<br><br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

**COMES NOW**, the Plaintiff, by and through the undersigned attorneys, and for his Complaint, hereby states the following:

1. At all times material hereto, Plaintiff, Christopher Sather, (hereinafter referred to as, "Plaintiff") was an individual and domiciled in Waseca County, Minnesota.

2. At all times material hereto, Defendant Diamond Jo Worth, L.L.C. (hereinafter referred to as, "Defendant" or "Casino") was a limited liability company organized under the laws of the State of Delaware and was registered with the Iowa Secretary of State to conduct business within the State of Iowa.

3. Defendant's sole member is Boyd Gaming Corporation, a business entity incorporated under the laws of the State of Nevada, with its principal place of business located in Las Vegas, Nevada.

4. At all times material hereto, Defendant was conducting business in Worth County, Iowa.

5. Plaintiff is not a citizen of the same state as Defendant.

6. The amount in controversy exceeds $75,000.00.

7. This court has jurisdiction over this lawsuit pursuant to 28 U.S.C. 1332.

8. Venue is appropriate in the court above identified in accord with 28 U.S.C. 1391(a).

9. On or around July 18, 2021, Plaintiff was lawfully on the premises of Defendant located at 777 Diamond Jo Ln, Northwood, IA 50459.

10. On or around said time and place, Plaintiff was exercising reasonable care for his safety.

11. On or around said time and place, Plaintiff fell over a stanchion located in his walking path inside the Casino.

12. That said stanchion was located in the vicinity of the B-Connected desk near the Casino's entrance.

13. Defendant had a duty to use reasonable care in the maintenance of their premises.

14. Defendant breached their aforesaid duty in one or more of the following particulars:

    a. In their selection of their stanchion apparatus;

    b. In their placement of stanchions on the Casino's gaming floor;

    c. In failing to provide adequate lighting conditions;

    d. In failing to use reasonable care to protect Plaintiff from unsafe conditions existing with respect to the stanchions on the Casino's gaming floor;

    e. In failing to warn Plaintiff of hazards foreseeably associated with the use and placement of the stanchions;

    f. In failing to provide specific safeguards;

    g. In failing to provide precautions for the safety of customers;

    h. In failing to act reasonably under the same or similar circumstances.

15. Defendant's aforesaid negligence was a proximate cause of the injuries and damages sustained by the Plaintiff as hereinafter set forth.

16. As a result of Plaintiff's encounter with the stanchion used on the Casino's gaming floor, Plaintiff sustained a dislocated fracture of both his tibia and fibula in his left lower leg.

17. On or around July 20, 2021, Plaintiff was hospitalized at St. Mary's Hospital (Mayo Clinic) in Rochester, Minnesota for injuries to his left lower leg.

18. Plaintiff's medical treatment involved use of external fixation at the fracture site by screws bored through his flesh into the bones of his left lower leg.

19. On or around August 12, 2021, Plaintiff endured surgery to remove external fixation screws and to implement an open reduction and internal fixation of his fractured left leg involving installation of plates and bone screws.

20. On or around said time, Plaintiff was diagnosed with an infection in his left lower leg.

21. As a result of the infection, Plaintiff underwent an amputation of his left lower leg with his tibia surgically transected below the knee.

22. As a result of the Defendant's aforesaid negligence, Plaintiff has suffered and will continue to suffer the following past and future harms and losses, including, but not limited to, medical expenses, emotional distress, severe physical and mental pain and suffering, and loss of function and full use of his body.

WHEREFORE, Plaintiff demands judgment against Defendant in a sum commensurate with the injuries and damages he has suffered, together with interest thereon as allowed by law, and for the costs of this action.

## JURY DEMAND

**COMES NOW**, the Plaintiff, by and through the undersigned attorneys, and hereby requests a trial by jury in the above-captioned matter.

Respectfully Submitted,

SPAULDING & SHAULL, P.L.C.

/s/ MaKayla Augustine
MaKayla J. Augustine, AT0014542
Nicholas L. Shaull, AT0010096
2423 Ingersoll Avenue
Des Moines, IA 50312
Phone: (515) 277-6559
Fax: (515) 277-7536
E: makayla.augustine@sslawplc.com
E: nick.shaull@sslawplc.com
ATTORNEYS FOR PLAINTIFF

Original filed.